UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDI SIGONA, et al.,<br><br>                    Plaintiffs,<br><br>        v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>                    Defendant. | No.  2:24-cv-03003-DAD-CSK<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A FIRST AMENDED ANSWER TO PLAINTIFFS' COMPLAINT<br><br>(Doc. No. 9) |

This matter is before the court on defendant's motion for leave to file an amended answer to plaintiffs' complaint. (Doc. No. 9.) On July 23, 2025, the pending motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 10.) For the reasons explained below, defendant's motion will be granted.

This action arises from an insurance claim dispute in connection with water damage to plaintiffs' residential property. (Doc. No. 1 at 7–8.) On July 16, 2024, defendant filed its answer to the complaint in the Sacramento County Superior Court. (*Id.* at 1.) On October 31, 2024, the action was removed to this court. (*Id.*)

In its answer, defendant asserts as its sixth affirmative defense that the causes of action set forth in plaintiffs' complaint are barred by the limitations period specified in the insurance policy and certain statutes of limitations contained in the California Civil Procedure Code § 335. (*Id.* at

1

16.)  Defendant seeks to amend its answer to include additional statutes of limitations, such as California Insurance Code § 2071(a), to avoid any lack of clarity as to which statutes of limitations apply as this litigation proceeds.  (Doc. No. 9-1 at 5.)

On July 9, 2025, defendant filed its motion to amend answer.  (Doc. No. 9.)  Plaintiff has not filed an opposition to that motion.

"A party may amend its pleading once as a matter of course no later than:  (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a).  Otherwise, a party must seek leave of court to amend a pleading or receive the opposing party's written consent.  *Id.*

"A district court shall grant leave to amend freely when justice so requires.  . . .  [T]his policy is to be applied with extreme liberality."  *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (internal quotation marks and citations omitted).  "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'"  *Sonoma County Ass'n of Retired Emps. v. Sonoma County*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  Of these factors, "prejudice to the opposing party carries the most weight."  *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020).  "Generally, this determination should be performed with all inferences in favor of granting the motion."  *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

"The party opposing leave to amend bears the burden of showing prejudice."  *Serpa v. SBC Telecomms.*, 318 F. Supp. 2d 865, 870 (N.D. Cal. 2004) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)).  As noted, plaintiffs have not filed an opposition to the pending motion, though defendant indicates in its motion for leave to amend that plaintiffs do oppose it.  (Doc. No. 9 at 2.)  In any event, plaintiffs have failed to carry their burden of demonstrating prejudice and the prejudice factor weighs in favor of granting leave to amend.

As to the remaining factors, defendant argues that the proposed amendment described above is not futile.  "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation omitted); *see also Banc of Cal., Inc. v. Farmers & Merchants Bank of Long Beach*, No. 16-cv-01601-CJC-AFM, 2017 WL 2972338, at *1 (C.D. Cal. Apr. 19, 2017) ("[E]valuating the merits of proposed claims is generally inappropriate when considering motions for leave to amend.").  In the absence of any opposition presented to the court, and in light of these applicable legal standards, the court finds that amendment would not be futile here.  Moreover, there is no indication that defendant's motion is being pursued in bad faith.  Finally, amendment would not delay this action because defendant does not request any modification to the scheduling order on the basis of this proposed amendment to its answer.  (Doc. No. 9); *see also Ctr. One v. Lumen Techs., Inc.*, No. 8:21-cv-01130-MEMF-ADS, 2022 WL 1858927, at *3 (C.D. Cal. June 27, 2022) (finding no undue delay where discovery deadlines would not be affected by amendment).  Accordingly, the court finds that consideration of the remaining factors also weigh in favor of granting leave to amend.

For the reasons explained above, defendant's motion for leave to file an amended answer is GRANTED.  (Doc. No. 9.)

IT IS SO ORDERED.

Dated:  **March 6, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3